## Frank Guzinski v. The People of the State of Illinois.

1. EVIDENCE—*Of Good Character.*—Evidence of good character is proper to be considered by a jury in connection with all the other evidence in the case in passing upon the question of the guilt or innocence of a defendant in criminal cases.

2. CHARACTER—*Evidence of—When 'Competent.*—Evidence of good character is competent evidence in favor of the defendant as tending to show that he would not be likely to commit the crime alleged against him in the indictment.

3. SAME—*Proper to be Considered with Other Evidence—Instructions.*—The rule is that evidence of good character is proper to be considered by the jury in connection with all the other evidence in the case, in passing on the question of the guilt or innocence of the defendant, but it is not the duty of the court to peremptorily instruct the jury that if they have any doubt, however whimsical, it is their sworn duty to find the defendant not guilty, if good character has been proved.

4. MEASURE OF PROOF—*In Criminal Cases.*—In criminal cases a person accused of crime is always presumed to be innocent until his guilt is established by evidence, and the mere fact that he has been indicted

can not be construed as evidence of his guilt; to authorize a conviction, his guilt must be established beyond a reasonable doubt. A mere preponderance of the evidence is not sufficient.

**Indictment,** for an assault. Trial in the Criminal Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Verdict of guilty. Error by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed July 21, 1898.

L. B. LANGWORTHY, attorney for plaintiff in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error was found guilty of an assault with a deadly weapon with intent to commit bodily harm, and was sentenced to confinement in the House of Correction for one year, and fined $25. No question is presented as to the sufficiency of the indictment. The alleged errors relied on in the argument of his counsel are that the verdict is against the weight of the evidence, and that the court erred in refusing an instruction asked by plaintiff in error. The first question is one of fact, and we can not say, after carefully reading and considering the evidence, that it does not fully justify the verdict. The instruction, the refusal of which is complained of, is as follows:

10. "The court instructs the jury that if you believe from all the evidence that the facts and circumstances proved and relied upon by the prosecution to establish the guilt of the defendant are in doubt, then, if the defendant has, by the evidence, satisfied you that he was possessed of a good character up to the time of the offense alleged in the indictment in this case, the presumption of law is that the alleged crime is so inconsistent with the former living of the defendant that he would not have committed such a crime, and it would be the sworn duty of the jury to find the defendant not guilty."

The instruction is, in substance, that if the jury were in doubt as to the facts and circumstances "proved and relied on by the prosecution," etc., and if they were satisfied that the defendant, prior to the time when the offense is alleged to have been committed, "was possessed of a good char-

acter," it was their sworn duty to acquit. We can not understand how the jury could be in doubt as to facts and circumstances "proved." There may be a doubt as to whether a fact is proved, but proof of the fact would seem to exclude doubt. The rule is that evidence of good character is proper to be considered by the jury in connection with all the other evidence in the case, in passing on the question of the guilt or innocence of the defendant, but we do not understand that it is the duty of the court to peremptorily instruct the jury that if they have any doubt, however whimsical, it is their sworn duty to find the defendant not guilty, if good character has been proved. The court properly refused the instruction.

The court gave to the jury the following, among other instructions:

"The court instructs the jury that the evidence of good character is competent evidence in favor of the defendant as tending to show that he would not be likely to commit the crime alleged against him in the indictment; and if the jury believe from all the evidence that prior to the alleged commission of the alleged crime, the defendant has always borne a good character as a peaceable man among his acquaintances and in the neighborhood where he lived, this is a fact to be considered by the jury, with all other evidence in the case, in determining the question whether the witnesses who have testified to facts tending to criminating said defendant, had been mistaken and have testified falsely or truthfully."

"The court instructs the jury that in law the accused is always presumed to be innocent until his guilt is established by evidence, and that the mere fact that the defendant has been indicted can not be construed as evidence of his guilt, and to authorize a conviction, his guilt must be established beyond a reasonable doubt. A mere preponderance of the evidence is not sufficient."

"The court instructs the jury that a reasonable doubt is that state of the case which, after the entire comparison of the consideration of all the evidence, leaves the minds of

the jury in such a condition that they can not say that they feel an abiding conviction to a moral certainty of the truth of the charge. And if from all the evidence such a state exists, then the defendant should be acquitted."

Legally, if not grammatically, the jury was fully and fairly instructed.

The judgment will be affirmed.